**UNITED STATES of America,**
**Appellee,**

v.

**Julio Ceasar JORGE–CARLOS,**
**Defendant–Appellant.**

**No. 00–1684.**

United States Court of Appeals, Second Circuit.

May 15, 2001.

Yuanchung Lee; Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for appellant.

Bret R. Williams, Assistant United States Attorney, Southern District of New York; Mary Jo White, United States Attorney, Baruch Weiss, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present NEWMAN, CABRANES, Circuit Judges, THOMPSON, District Judge.*

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of

* Of the United States District Court for the    District of Connecticut, sitting by designation.

said District Court be and it hereby is AFFIRMED.

On June 13, 2000, defendant Julio Ceasar Jorge–Carlos pleaded guilty to a single-count indictment charging him, as an alien, with unlawfully reentering the United States without permission of the United States Attorney General, after having been deported, in violation of 8 U.S.C. §§ 1326(a) and (b). On October 10, 2000, pursuant to § 1326(b), the District Court sentenced defendant principally to 70 months' imprisonment based on its finding that defendant had committed an aggravated felony prior to his deportation. On appeal, defendant argues that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the District Court erred in sentencing him above the two-year statutory maximum provided by § 1326(a) since neither his indictment nor his plea allocution made mention of his prior conviction for an aggravated felony. He contends that, after *Apprendi,* § 1326(b) sets out a separate offense that must be charged in the indictment and proved beyond a reasonable doubt.

We find defendant's argument to be without merit since, as defendant concedes on appeal, we are bound to follow the Supreme Court's decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that § 1326(b) does not set out a separate offense but rather is a penalty provision with respect to § 1326(a). The *Apprendi* Court recognized *Almendarez–Torres* as a "narrow exception to [a] general rule," *Apprendi,* 530 U.S. 466, 120 S.Ct. 2348, 2362, 147 L.Ed.2d 435, in holding that *"[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury,

and proved beyond a reasonable doubt," *id.* at 2362–63 (emphasis added).

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.